*E-Filed 12/10/2010*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LYDIA MERTENS,<br><br>           Plaintiff,<br>     v.<br><br>THE PERMANENTE MEDICAL GROUP LONG TERM DISABILITY PLAN,<br><br>           Defendants.<br>_____/ | CASE NO. C 10-1457 RS<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND AND GRANTING REQUEST TO ADD COUNTERCLAIMANT** |

## I. INTRODUCTION

Plaintiff Dr. Lydia Mertens sued defendant The Permanente Medical Group Long Term Disability Plan ("Permanente" or the "Plan") pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. Mertens' complaint states a single claim for relief, under section 502(a)(1)(B) of ERISA (29 U.S.C. § 1132(a)(1)(B)), alleging that the Plan improperly terminated her long-term benefits. Permanente answered and filed a counterclaim, alleging that it overpaid Mertens at least $11,650 by virtue of her receipt of Social Security Disability benefits. The counterclaim states a single claim for relief, under the Declaratory Judgment Act (28 U.S.C. § 2201), seeking to recover the alleged overpayment. Mertens filed a motion to dismiss the counterclaim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, Mertens' motion to dismiss is granted with leave to amend.

## II. RELEVANT BACKGROUND

Mertens is a family practitioner who worked at The Permanente Medical Group until February 28, 2007, when she submitted a claim for disability benefits due to repetitive stress injuries that she alleges to have suffered as a result of inputting electronic medical records. The Life Insurance Company of North America ("LINA"), which issued the group policy insuring the disability benefits under the Plan, received Mertens' claim in April 2008, retroactively approved it to August 28, 2007, and paid her disability benefits until November 7, 2008. Permanente avers that, also in April 2008, Mertens signed a Reimbursement Agreement in which she agreed to reimburse any overpayments of benefits occurring as a result of her receipt of "Other Income," which included Social Security benefits.

LINA then conducted a verification of Mertens' claim and, based upon medical reviews that Permanente avers indicated no medical basis for disability, The CIGNA Group Insurance ("CIGNA") - LINA's parent company - denied further benefit payments beyond November 7, 2008. CIGNA received Mertens appeal of this decision in March 2009, which it denied on June 22, 2009. CIGNA denied Mertens' second appeal on April 6, 2010, the same date that Mertens filed her complaint. In the counterclaim, Permanente alleges that, by virtue of her receipt of Social Security

No. C 10-00805 RS

2

Disability benefits, Mertens was overpaid under the Plan by at least $11,650. Permanente further alleges that, under the Plan, the group policy and the written Reimbursement Agreement, Mertens is obligated to reimburse the amount of overpaid benefits, which she has not done.

In her motion to dismiss, Mertens argues that: (1) Permanente fails to allege a statute under which it is entitled to relief; (2) Permanente has no standing to assert a claim for relief as it is not an ERISA fiduciary; and (3) the counterclaim fails to allege the existence of any separate and identifiable fund where the alleged overpayment has been maintained, as is required under ERISA. In response, Permanente maintains that: (1) it properly cited ERISA as the legal basis for its counterclaim; (2) it has standing to sue under ERISA; and (3) it need not trace the alleged overpayment to a particular fund. The parties appeared for oral argument on the motion on August 26, 2010.

### III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations are not required," a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 US 544, 570 (2007)). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

A motion to dismiss a complaint under FRCP Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under FRCP Rule 12(b)(6) may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When evaluating such a motion, the court must accept all material allegations in the complaint as true, even if doubtful, and construe them in the light most favorable to the non-moving party. *Twombly*, 550 US at 570. "[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140

No. C 10-00805 RS

(9th Cir. 1996); *see also Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 US at 555 ("threadbare recitals of the elements of the claim for relief, supported by mere conclusory statements," are not taken as true)). In dismissing a complaint, leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment, *Lucas v. Dep't of Corrections,* 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp,* 90 F.3d 386, 393 (9th Cir.1996).

## IV. DISCUSSION

A. *Legal Basis for Relief*

Mertens argues that Permanente cites only the Declaratory Judgment Act as the basis for its relief, which she asserts not only fails to confer jurisdiction but merely provides for a declaration of rights as opposed to any actual relief for damages. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) (finding that the Declaratory Judgment Act does not extend jurisdiction where jurisdiction would not otherwise exist). However, while Permanente enumerates only 28 U.S.C. § 2201 under its "Claim for Relief," elsewhere in the counterclaim it states, "The Plan also brings this action for a declaration of rights and liabilities of the parties, pursuant to 28 U.S.C. § 2201, and said rights derive from a federal statute, the Employee Retirement Income Services Act of 1974 ("ERISA"), codified at 29 U.S.C. § 1001, *et seq.*" Countercl. at ¶ 5. The amount to which Permanente avers it is entitled is at least $11,650: the alleged overpayments.

Moreover, Permanente also alleges that "the claims asserted in this counterclaim are so related to the claims contained in Mertens' original complaint, that they form part of the same case and controversy, and this Court has jurisdiction over the counterclaim pursuant to 28 U.S.C. § 1367." Countercl. at ¶ 4. As stated above, Mertens' complaint advances a single claim for relief under ERISA § 502(a)(1)(B). Therefore, Permanente sufficiently alleges a corresponding legal ground for its claim for relief, and a basis for this Court to assert jurisdiction over the counterclaim. *See Trustees of Screen Actors Guild-Producers Pension and Health Plans v. NYCA, Inc.*, 572 F.3d 771, 775 (9th Cir. 2009) ("Any non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction, even if that claim is later dismissed on the merits.") (citing *Cement*

NO. C 10-00805 RS

4

*Masons Health & Welfare Trust Fund for N. Cal. v. Stone,* 197 F.3d 1003, 1008 (9th Cir. 1999)). To the extent that Mertens' motion to dismiss is based upon Permanente's failure to state a statute under which it is entitled to relief, then, the motion must be denied.

B. *Standing*

Mertens also argues that Permanente lacks standing to sue because, as an "ERISA plan," it is not any of the enumerated persons who can bring a civil action under ERISA. The provisions regarding civil actions under ERISA are found in section 502, which has been codified in Title 29, United States Code section 1132. Under these provisions, a claim may be brought: (1) by a participant or beneficiary to recover benefits owed to it under the terms of the plan; (2) by the Secretary of Labor, a participant, beneficiary, or fiduciary for a claim of a breach of fiduciary duty; or (3) by a participant, beneficiary, or fiduciary for a claim for equitable relief to enforce the terms of the plan. 29 U.S.C. § 1132(a)(1)-(3). The statute contains no provision allowing an ERISA plan itself to bring suit. Moreover, Permanente cites no controlling authority for the proposition that an ERISA-governed plan can be its own fiduciary or that, as a plan (and not a participant, beneficiary or fiduciary), it should have the right to bring a claim under ERISA § 502(a).

Permanente's counterclaim, accordingly, fails to allege that it is entitled to relief under ERISA and must be dismissed. That said, in dismissing a complaint, leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas*, 66 F.3d at 248. Here, in its Supplemental Brief in Opposition to Plaintiff's Motion to Dismiss Defendant's Counterclaim, Permanente represents that LINA is the claim fiduciary under the Plan and requests, in the alternative, permission to add LINA as a counterclaimant. "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. It short, because it appears that the counterclaim's deficiency as to standing can be easily cured by adding LINA, the motion to dismiss is granted with leave to amend and Permanente's request for leave to add LINA as a counterclaimant is granted.

//

//

C. *Tracing*

Lastly, Mertens maintains that, even if Permanente (or LINA) is permitted to bring an action under ERISA, it is limited to recovering equitable relief. 29 U.S.C. § 1132(a)(3); *see also*, *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002); *Sereboff v. Mid Atlantic Medical Services, Inc.*, 547 U.S. 356 (2006). The Supreme Court has held that an ERISA-fiduciary seeking reimbursement of funds paid to a claimant must do so through an equitable lien or constructive trust over specifically identifiable funds, and not by imposing general personal liability on the claimant to repay alleged overpayment of benefits. *Knudson*, 534 U.S. at 204; *Sereboff,* 547 U.S. at 356. In *Knudson*, the funds to which the health plan insurer claimed entitlement under the plan's reimbursement provision had been placed in a "Special Needs Trust" and were no longer within the defendant participant's possession. *Id*. at 214. The Court there said that the participant could not be ordered to pay restitution in the form of monetary payments because doing so would be the equivalent of granting the plaintiff compensatory damages, which is essentially a legal remedy, impermissible under ERISA. *Id*.at 213. The Court could, however, impose a remedy that was directed to "particular funds or property in ... [the] defendant's possession" that could "clearly be traced" to "money ... identified as belonging in good conscience" to the plaintiff. *Id.* The plaintiff's right to such property would be based upon a constructive trust or equitable lien on the property. *Id*. Because satisfaction of any restitution order in *Knudson* would have to have been made from the defendant's general assets, such restitution would have been legal, and not equitable, in nature. *Id*. at 214. For that reason, the Court upheld the lower court's denial of the plan's reimbursement claim. *Id*. Here, according to Mertens, although Permanente has couched its claim in terms of a declaratory judgment, it remains simply one for monetary damages out of her general assets rather than a particular identifiable fund that it can trace and to which it has either an equitable lien or constructive trust.

The Supreme Court addressed the issue of tracing again in *Sereboff*, where a health insurance plan fiduciary sought to collect medical expenses that had been paid to the plan beneficiaries following an automobile accident. 547 U.S. at 356. The plan included an "Acts of

Third Party" provision, which required the beneficiaries to reimburse any amounts paid by a third party for recovery of injuries. *Id*. After the beneficiaries were paid under the plan, they settled a tort suit against a third party for compensatory damages for the accident but did not reimburse any of that money. *Id*. The Supreme Court reiterated that "one feature of equitable restitution [is] that it [seeks] to impose a constructive trust or equitable lien on 'particular funds or property in the defendant's possession.'" 547 U.S. at 362 (quoting *Knudson,* 534 U.S. at 213). The Court, however, also went on to clarify the holding of *Knudson* when it said:

> [The] impediment to characterizing the relief in *Knudson* as equitable is not present here…. [I]n this case Mid Atlantic sought "specifically identifiable funds" that were "within the possession and control of the Sereboffs" - that portion of the tort settlement due Mid Atlantic under the terms of the ERISA plan, set aside and "preserved [in the Sereboffs'] investment accounts." 407 F.3d, at 218. Unlike Great-West, Mid Atlantic did not simply seek "to impose personal liability ... for a contractual obligation to pay money." *Knudson*, 534 U.S. at 210, 122 S.Ct. 708. It alleged breach of contract and sought money, to be sure, but it sought its recovery through a constructive trust or equitable lien on a specifically identified fund, not from the Sereboffs' assets generally, as would be the case with a contract action at law. ERISA provides for equitable remedies *to enforce plan terms*, so the fact that the action involves a breach of contract can hardly be enough to prove relief is not equitable; that would make § 502(a)(3)(B)(ii) an empty promise. This Court in *Knudson* did not reject Great-West's suit out of hand because it alleged a breach of contract and sought money, but because Great-West did not seek to recover a particular fund from the defendant. Mid Atlantic does.

*Id*. at 362-363 (italics in original). In short, the Court distinguished between equitable restitution, for which strict tracing of the proceeds is required, from an "equitable lien by agreement," where the property subject to a lien need not be in existence at the execution of the agreement and therefore need not be strictly traceable. *Sereboff*, 547 U.S. at 364-365. Rather, under an equitable lien by agreement, the fiduciary must simply identify "a particular fund distinct from [the beneficiary's] general assets, and a particular share of that fund to which [the fiduciary is] entitled." *Id*. at 364. Finding that the "Acts of Third Parties" provision specifically identified a particular fund distinct from the Sereboffs' general assets, and a particular share to which Mid Atlantic was entitled, the Court determined there to be an equitable lien by agreement and upheld the lower court's granting of summary judgment in favor of Mid Atlantic. *Id*.

Similar to the situation in *Sereboff*, here Permanente has alleged a specific fund (the Social Security benefits paid to Mertens) as well as a particular portion of that fund to which it is entitled (the amount of benefits that it overpaid Mertens). In addition, Permanente maintains that it has a right to this money by virtue of the Plan provision that any amounts payable as long term disability benefits will be reduced by any amount received as Other Income, which includes benefits from the Social Security disability program. Countercl. ¶¶ 7, 16. Moreover, the Plan avers that Mertens executed a Reimbursement Agreement, in which she agreed to reimburse the amount of any overpayment under the Plan within 30 days after receiving an award from the Social Security Disability Insurance Program. *Id*. ¶ 8.

While Mertens argues that this court held in *Bd of Trustees for Laborers Health & Welfare Trust Fund for N. Cal. v. Hill*, 2008 WL 5047705, at *8 (N.D. Cal. 2008) that *Sereboff* still requires some tracing of a fund-holder's property, *Hill* is factually distinguishable from this case. Specifically, *Hill*, in which the beneficiary of an employee health plan failed to reimburse the plan trust fund for expenses paid after recovering from a third party, was decided on summary judgment after the evidence showed the beneficiary never returned a signed reimbursement agreement. *Id*. at *7. Moreover, the plan fiduciary in *Hill*, rather than demonstrate that specific property in the beneficiary's possession was traceable back to its portion of the settlement proceeds, simply argued that the court could impose an equitable lien on its property generally. *Id*. The court rejected this argument and held that "[the fiduciary] must show with specificity how the settlement funds were disposed of, and must demonstrate that the remedy it seeks is available under established principles of equitable restitution." *Id*.[1] None of the problems raised in *Hill* are present here. As stated above, Permanente has alleged an agreement that forms the basis of its right to equitable relief (the terms of the Plan and the Reimbursement Agreement), specific funds at issue (the Social Security benefits paid to Mertens) and a particular portion of those funds to which it is entitled (an amount in excess of $11,650 that it overpaid Mertens). Therefore, to the extent Mertens' motion to dismiss is

---

[1] In addition, rather than simply grant the beneficiary summary judgment due to the fiduciary's failure to identify specific subject settlement funds, the court in *Hill* instead found that the beneficiary was liable to the fiduciary under ERISA, and ordered further proceedings with respect to the appropriate remedies. *Id*. at * 8

No. C 10-00805 RS

premised on Permanente's failure sufficiently to trace the subject proceeds, the motion must be denied.

## V. CONCLUSION

For the reasons stated above, the motion to dismiss is granted with leave to amend and defendant is further granted leave to add LINA as a counterclaimant.

IT IS SO ORDERED.

Dated: 12/10/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

No. C 10-00805 RS